**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUAN RODRIGUEZ,<br><br>Plaintiff<br><br>v.<br><br>Supt. FERGUSON, et al.,<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 3:CV-15-1960<br><br>(Judge Nealon) |

**MEMORANDUM**

**I. Background**

Plaintiff, an inmate confined in the Benner Township State Correctional Institution, Bellefonte ("SCI-Benner"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. The named Defendants are Superintendent Ferguson and Doctors Bopp and Dancha.

Presently before the Court is Defendants' motions dismiss the Plaintiff's complaint. (Docs. 13, 20). The motions have been fully briefed and are ripe for disposition. For the reasons that follow, Defendants' motions to dismiss will be granted.

**II. Motion to Dismiss**

Fed.R.Civ.P. 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must

"accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)). While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a Rule 12(b)(6) dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir.2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the

legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir.2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed Appx. 183 (3d Cir.2008).

**III. Allegations in Plaintiff's Complaint.**

On December 19, 2014, Plaintiff states that he "fell on the way to school." (Doc. 1, complaint at 2). He claims that "the floor was wet with no wet floor sign" and that he "was unconscious for 15-20 min" and was then "sent back to block" and "nothing was done." Id. He alleges that he "was seen by the Doctor and sent

back to [his] unit without any medications." Id. He states that he has bad headaches that come on [him] at times" and "they refused to treat [him] like I suppose to be treated like other inmates." Id.

On February 16, 2015, Plaintiff filed Grievance No. 551725 regarding his alleged lack of medical treatment for his slip and fall and on December 14, 2014. (Doc. 1 at 8, Initial Review Response). Plaintiff's grievance was denied as follows:

> Mr. Rodriguez, I read your grievance, reviewed your medical record in regards to your pain and spoke to Dr. Dancha about your care. He is treating you with a muscle relaxer and an anti-inflammatory medication to help alleviate your pain. Your future treatment will be based on his objective and subjective findings and you may be told to purchase your main meds from commissary. Please consider obtaining your GED if you have difficulties reading and writing. Dr. Dancha indicates you speak English with no difficulties. Your grievance is denied.

Id. On March 12, 2015, Plaintiff filed an appeal of the denial of his grievance to the Facility Manager. (Doc. 1 at 6, Appeal to Facility Manager Grievance).

On April 6, 2015, the Facility Manager upheld the denial of the grievance as follows:

> I have reviewed your Official Inmate Grievance, Initial Review Response, Grievance Appeal, and the facts surrounding your complaint.
>
> You indicate that Dr. Dancha is treating your lower back conditions

with pain medications, but that has nothing to do with the underlying issue. You state that nothing was done before this time and that medical staff had to be told to come get you when you fell on the floor and could not walk. You state that this is gross medical negligence and deliberate indifference to your serious medical needs. You further state that this started months ago when you fell and was unconscious. You state that at that time, medical staff did nothing to see if you had a brain injury. You state that you received pain pills and were sent back to the block without any other treatment being ordered. You state that your head has sores on it from not being properly treated properly. You further state that the doctor assigns his duties to PA Laura Dunkie, who is in your opinion, the worst kind of PA. You also state that Doug Bopp should stick to paperwork. In you Initial Grievance you state that there is an on-going violation by medical staff and you are requesting to be seen by Dr. Dancha so that you can get the medical treatment that you need for your conditions and illness. Your further state that the Physician Assistant refused to treat your pain with medication or a wheelchair/cane. You state that no one will assist you in medical. You state that your conditions fall directly under the Americans With Disability Act. You do not request any relief in this Grievance Appeal.

In investigating your Grievance Appeal, I will remind you that the portion of this Grievance Appeal that pertains to your fall will not be addressed within this Grievance Appeal. In accordance with DC-ADM 804, Inmate Grievance System Procedures Manual Section 2-Appeals A.1.C. only an issue that was raised for Initial Review, determination of frivolousness, rejection may be appealed.

I have been advised by medical staff that you have been treated in the medical department on numerous occasions. It is noted that you were experiencing difficulty walking because of pain in your hip, back and knee. You were also being treated for headaches along with other medical issues you were experiencing.

On March 1, 2015, you were evaluated by Dr. Dancha and placed in the Medical Infirmary. You were released back to your housing unit

> on March 4, 2015. You were ordered a full medical work up, including x-rays. The results of the x-rays showed the presence of arthritis. You were ordered a cane to assist you with walking and you were also ordered Tylenol 3 for pain. You were encouraged to purchase pain medications from the commissary if needed.
>
> Both CHCA Bopp and PA Dunkie are licensed practitioners and are qualified to render decisions regarding your medical care. If you are seeking an accommodation for a disability, you must submit an Inmate Disability Accommodation Request Form in accordance with DC-ADM 006, Reasonable Accommodations for Inmates with Disabilities Procedures Manual, Section 2.A.1 - Accommodations.
>
> The information presented is indicative that you are being provided adequate medical treatment. If you are experiencing additional difficulties, you are encouraged to sign-up for Sick Call.
>
> The Initial Grievance Response is upheld.

(Doc. 1 at 7, 9, Facility Manager's Appeal Response). No further appeal was filed.

On October 8, 2015, Plaintiff filed the instant action, seeking compensatory damages. Id.

## IV. **Discussion**

Section 1997e(a) of title 42 U.S.C. provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must exhaust all available administrative remedies before initiating a federal lawsuit. Booth v. Churner, 532 U.S. 731, 739 (2001)(emphasis added). Failure to exhaust available administrative remedies is an affirmative defense. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). As such, the failure to exhaust available administrative remedies must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Department of Corrections. The Pennsylvania Department of Corrections' administrative remedies for inmate grievances are provided for in Department of Corrections Administrative Directive 804. See www.cor.state.pa.us, DOC Policies, DC-ADM 804, Inmate Grievance System Policy ("DC-ADM 804"). This policy establishes the Consolidated Inmate Grievance Review System, through which inmates can seek to resolve issues relating to their incarceration. Id. The first step in the inmate grievance process is initial review. Id. Grievances must be submitted for initial review within 15 working days after the event upon which the grievance is based. Id. After initial review, the inmate may appeal to the superintendent of

their institution.  Id.  Upon completion of the initial review and the appeal from the initial review, an inmate may seek final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  Id.

It is patently clear from Plaintiff's own exhibits attached to his complaint that Plaintiff has failed to exhaust his administrative remedies before filing the above captioned action, as it is clear  the action was filed prior to Plaintiff seeking final review of his grievance.  Although the Facility Manager timely responded to Plaintiff's appeal on April 6, 2015, Plaintiff took no further action to appeal his grievance to the Secretary's Office of Inmate Grievances and Appeals for final review.  As such, he has failed to exhaust his administrative remedies prior to bringing his action and his action will be dismissed.  See Ahmed v. Dragovich, 297 F.3d 201, 209, 210 (3d Cir. 2002)(Holding that exhaustion requires completion of the entire administrative-remedy process prior to filing suit)(emphasis added).  A separate Order will be issued.

Dated: September 12, 2016              /s/ William J. Nealon
                                       **United States District Judge**